11-1139-cr
United States v. Casey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve,

Present:        AMALYA L. KEARSE,
                ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                                *Appellee*,

        -v-                                                     11-1139-cr

WILLIAM J. CASEY,

                        *Appellant.*

_____

Appearing for Appellant:        Thomas J. Carr, Tully Rinckey PLLC, Albany, N.Y.

Appearing for Appellee:         Rajit S. Dosanjh, Assistant United States Attorney, U.S. District
                                Court for the Northern District of New York (Richard S.
                                Hartunian, Richard D. Belliss, Assistant United States Attorney)
                                Syracuse, N.Y.

        Appeal from a judgment of the United States District Court for the Northern District of New York  (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

William J. Casey appeals from his conviction on four counts of knowingly falsifying, concealing or covering up a material fact in connection with the application for, and the receipt of, federal workers' compensation benefits in violation of 18 U.S.C. § 1920. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Casey argues principally that the government failed to present sufficient medical evidence to support the charges against him, because while he proffered the testimony of several medical doctors the government offered no medical testimony. However, the government presented more than 12 hours of video surveillance at trial showing Casey performing a variety of manual tasks, including lawn mowing and snow shoveling, while evidencing little sign of back pain. His doctor's evaluations of Casey's abilities were primarily based on his self-reporting of pain levels, and the jury was entitled to weigh those self-reports against the hours of video surveillance and reach its own conclusion as to whether Casey's condition had improved. Further, the government presented sufficient evidence to support the jury's finding that Casey deliberately concealed improvements in his health and his ability to perform physical activity, as well as income from his self employment, in an effort to continue receiving workers' compensation benefits.

We have considered all of Casey's contentions on this appeal and have found them to be without merti. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk